COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 30397-86.
United States Tax Court
T.C. Memo 1989-186; 1989 Tax Ct. Memo LEXIS 189; 57 T.C.M. (CCH) 230; T.C.M. (RIA) 89186; April 25, 1989. Richard F. Stein, for the respondent. RUWE
MEMORANDUM OPINION RUWE, Judge: This case is before the Court on respondent's written motion to dismiss for lack of prosecution and on respondent's oral motion to hold petitioner in default for the additions to tax for fraud under section 6653(b). [1]
Respondent determined a deficiency in petitioner's Federal income tax and *190 additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6654
Sec. 6661
1985
$ 39,213
$ 19,607
50 percent of
$ 590
$ 3,921
interest due on
$ 39,213
Petitioner was incarcerated at State Farm, Virginia at the time he filed his petition. Pursuant to notice to the parties, this case was scheduled for trial during the Court's February 22, 1988 trial session in Richmond, Virginia. Petitioner failed to appear and the Court continued the case. This case was again set for trial during the Court's January 23, 1989 trial session in Richmond, Virginia. Petitioner made no appearance and respondent filed a motion to dismiss for lack of prosecution and orally moved the Court to enter a default judgment against petitioner regarding the additions to tax for fraud. We took these motions under advisement. Petitioner was given notice of the January 23, 1989 trial date in August 1988. At no time thereafter did he communicate with the Court. Aside from a phone call made to the Internal Revenue Service's Appeals Office in Richmond, Virginia, petitioner has failed to communicate with respondent *191 in any manner. Respondent has served trial memorandums on petitioner, written to him, and served a number of motions on him. These motions were served by mail and respondent never received any notice that the documents were undeliverable. Dismissal of a case is a sanction resting in the discretion of the trial court. . It is well settled that a taxpayer's failure to appear at trial can result in a dismissal of the action against a taxpayer for failure to prosecute properly in actions where a taxpayer seeks the redetermination of a deficiency. ; , affd. without opinion . Respondent's motion to dismiss for lack of prosecution as to the deficiency and the additions to tax under sections 6654 and 6661 will be granted. In regard to the additions to tax for fraud, respondent has orally moved the Court to hold petitioner in default. It is clear to us that petitioner "has failed to plead or otherwise proceed." Rule 123(a). Subsequent to the petition, *192 petitioner has failed to communicate with respondent or the Court. He failed to participate in the preparation of his case and did not appear at trial. Petitioner has in effect abandoned his case. Under such circumstances a default decision for fraud is appropriate if the pleadings set forth sufficient facts to support such a judgment. . "Entry of a default has the effect of admitting all well-pleaded facts in respondent's answer, and a default judgment must be supported by respondent's well-pleaded facts." . In , we held that "the Commissioner's pleadings must allege specific facts sufficient to sustain a finding of fraud before he will be entitled to a decision that includes an addition to tax for fraud upon the failure of a taxpayer to appear for trial." After reviewing the pleadings, we conclude that respondent has set forth sufficient facts to support such a judgment. In his Answer, respondent denied all substantive allegations of fact and error and affirmatively alleged: 6. FURTHER ANSWERING *193 THE PETITION, and in support of the determination that the underpayment of tax required to be shown on petitioner's income tax return for the taxable year 1985 is due to fraud, the respondent alleges: a. During the taxable year 1985, petitioner was engaged in the business of selling illegal drugs. b. The petitioner failed to maintain adequate books and records of his income from the sale of illegal drugs. c. The petitioner established a business known as New World Investments, Inc., a Delaware corporation, with its principal place of business at 1 West Cary Street, Richmond, Virginia 23220. d. New World Investments, Inc., was established by the petitioner as a business front for his illegal drug trafficking activities. e. The petitioner dealt in large amounts of cash. f. The petitioner received taxable income for the taxable year 1985 in the amount of $ 95,231.00 from the sale of illegal drugs. g. The income tax due and payable by the petitioner for the taxable year 1985 is in the amount of $ 39,213.00. h. The petitioner failed to file an income tax return for the taxable year 1985 and failed to pay any portion of income tax liability due from him for said year. *194 i. Petitioner fraudulently, and with intent to evade tax for the taxable year 1985, handled his assets and income-producing activities in a manner, the likely effect of which was to mislead or conceal. j. The petitioner's failure to file an income tax return and to report his correct taxable income for 1985 was due to fraud with intent to evade tax. k. The petitioner's failure to pay his income tax liability for 1985 was due to fraud with intent to evade tax. l. A part of the underpayment of tax which petitioner was required to show on an income tax return for 1985 is due to fraud. To establish fraud, respondent must show that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. ; . The existence of fraud is a question of fact to be resolved upon consideration of the entire record. ; , affd. without published opinion . *195 Fraud will never be presumed. . Respondent may, however, prove fraud through circumstantial evidence since direct evidence of the taxpayer's intent is rarely available. ; . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. . Petitioner's conduct, as established through respondent's affirmative pleadings, leads us to conclude that respondent has proven fraud. Petitioner's failure to file an income tax return during the year in issue despite the receipt of substantial income, and his failure to maintain adequate books and records of his income producing activities are evidence of fraud. , affg. a Memorandum Opinion of this Court. The fact that petitioner engaged in illegal activities involving large amounts of cash also tends to circumstantially demonstrate fraudulent intent. . *196 Based on this record, we sustain respondent's determinations. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect during the years in issue, all Rule references are to the Tax Court Rules of Practice and Procedure.↩